IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| RANDI HARDY, #280293, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) CASE NO. 2:24-CV-705-WKW-CSC |
| TIFFANY ROGERS, et al., | ) ) ) |
| Defendants. | ) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I.  INTRODUCTION**

Plaintiff Randi Hardy, an inmate proceeding *pro se*, filed this 42 U.S.C. § 1983 action. Doc. 1. Plaintiff subsequently filed more than 30 notices to the Court containing additional allegations related to the Complaint. *See* Docs. 4, 6–9, 12, 14, 16–25, 27–30, 32–34, 37–45. Upon review of the Complaint under 28 U.S.C. § 1915(e)(2)(B)[1], as well as Plaintiff's additional filings, the undersigned RECOMMENDS that this case be DISMISSED prior to service of process as frivolous and for failure to state a claim on which relief may be granted.

**II.  THE COMPLAINT**

Plaintiff brings this action against Tiffany Rogers, Tramon Rogers, and Pamela Whitten. Doc. 1 at 1, 2. She claims that these individuals violated her rights in Mobile,

---

[1] Because Plaintiff is proceeding *in forma pauperis*, the Court must review her pleading(s) under 28 U.S.C. § 1915(e)(2)(B). Under that statute, the Court is required to dismiss a complaint if it determines that the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant immune from such relief.

Alabama prior to her incarceration at Tutwiler Prison for Women. *Id* at 2. Specifically, she claims that, beginning in February 2023 and continuing through the date of her pleading, these individuals "hurt[] [her] body with a voodoo doll." *Id*. She alleges the following:

> I hear a programming noise. I see the static in my eyes. I hear them talking using voodoo around my head.
>
> They violate my body everyday all day by sticking pins in a voodoo they have made of me. They have made a routine to hurt my body all day starting from my back, stomach, feet, legs, arms, head, face, chest, my toe, my armpit and my hands.
>
> My mind. They program me everyday.
>
> They have been doing this for exactly 2 whole years with no remorse. They made it a routine to hurt me. I feel like I[']m dying because of them hurting my body all day.

*Id*. at 3. As relief, she asks that these individuals "be jailed . . . and of course charged with assault, har[]assment, torture and all kinds of other charges." *Id*. at 4.

### III.   DISCUSSION

#### A.   The named Defendants are not state actors.

As an initial matter, none of Plaintiff's named Defendants appear to be state actors. "To establish a claim under 42 U.S.C. § 1983, a plaintiff must prove (1) a violation of a constitutional right, and (2) that the alleged violation was committed by a person acting under color of state law." *Holmes v. Crosby*, 418 F.3d 1256, 1258 (11th Cir. 2005) (citation omitted). There is nothing in the Complaint or Plaintiff's subsequent filings to indicate that Defendants were acting under color of state law at the time of the alleged events.[2] Indeed,

---

[2] It appears from Plaintiff's numerous filings that the three named Defendants are the father of Plaintiff's child, his sister, and his mother.

for a private actor to be deemed to have acted "under color of state law," he must "have exercised power possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." *West v. Atkins*, 487 U.S. 42, 49 (1988) (internal quotations and citation omitted). However, Plaintiff has failed to allege any facts that would support an inference that Defendants exercised power that was made possible only because they were clothed with the authority of state law. Thus, because Plaintiff has wholly failed to demonstrate that Defendants acted under color of state law, the undersigned finds that they are not state actors subject to § 1983 liability.

### B.      Plaintiff is not entitled to her sole request for relief.

Second, Plaintiff's sole request for relief—that various criminal charges be brought against Defendants and that they be incarcerated for their actions—is not cognizable in a § 1983 action. *See Cooley v. Streeter*, No. 1:18-00540, 2020 WL 4211287, at *13 (S.D. Ala. May 19, 2020) ("It is well established that private citizens can neither bring a direct criminal action against another person nor can they petition federal courts to compel the criminal prosecution of another person.") (citing *Maine v. Taylor*, 477 U.S. 131, 137 (1986) and *Otero v. U.S. Atty. Gen.*, 832 F.2d 141, 141 (11th Cir. 1987)). Thus, even if Plaintiff could succeed on her claims, this Court cannot grant the relief she seeks.

### C.      Plaintiff's claims are clearly baseless.

Finally, even if Defendants were state actors and Plaintiff had sought relief this Court could grant, Plaintiff's claims fail under 28 U.S.C. § 1915(e)(2)(B). Section 1915 "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual

3

allegations and dismiss those claims whose factual contentions are clearly baseless." *Neitzke v. Williams*, 490 U.S. 319, 325, 327 (1989). "Clearly baseless" factual contentions include those that are "fanciful," "fantastic," or "delusional." *Denton v. Hernandez*, 504 U.S. 25, 32–33 (1992).

Plaintiff's allegations that Defendants are using a voodoo doll to harm her and programming her mind with various noises and images are fanciful, fantastic, and delusional so as to be "clearly baseless." *See Neitzke*, 490 U.S. at 325, 327; *Denton*, 504 U.S. at 32–33; *see also, e.g., Stanberry v. Ivey*, No. 2:21-CV-59, 2021 WL 2451145, at *2 (M.D. Ala. May 12, 2021) (rejecting allegations that a defendant used voodoo, witchcraft, and sorcery to inflict injury on the plaintiff as "fantastical, bizarre, and delusional"); *Wheeler v. Brown*, No. 1:22-CV-4979, 2022 WL 22894122, at *2 (N.D. Ga. Dec. 20, 2022) (rejecting allegations of voodoo as "fanciful, fantastic, and delusional" and thus "clearly baseless") (citations omitted). Thus, Plaintiff's claims are due to be dismissed.

## IV.   CONCLUSION

Because none of the named Defendants are state actors for purposes of § 1983; Plaintiff seeks relief that is not cognizable in a § 1983 action; and Plaintiff's allegations are clearly baseless under *Neitzke* and *Denton*, the undersigned finds that any amendment would be futile. *See Hall v. United Ins. Co. of Am.*, 367 F.3d 1255, 1262–63 (11th Cir. 2004) ("[A] district court may properly deny leave to amend the complaint . . . when such amendment would be futile.") (citation omitted).

Accordingly, based on the foregoing, the undersigned RECOMMENDS that this case be DISMISSED prior to service of process as frivolous and for failure to state a claim on which relief may be granted.

It is further ORDERED that, on or before **January 24, 2025**, the parties may file objections to this Recommendation. The parties must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made. Frivolous, conclusive, or general objections will not be considered. The parties are advised that this Recommendation is not a final order and, therefore, is not appealable.

Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with 28 U.S.C. § 636(b)(1) will bar a party from a de novo determination by the District Court of legal and factual issues covered in the Recommendation and waive the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except on grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11th Cir. R. 3-1. *See Stein v. Reynolds Sec., Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard, Ala.*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

DONE this 10th day of January, 2025.

/s/ Charles S. Coody  
CHARLES S. COODY  
UNITED STATES MAGISTRATE JUDGE